UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JOSEPH MILES and
LAWANDA LEWIS-MILES                                                                       PLAINTIFFS


v.                                            CASE NO. 4:05-CV-1088 GTE


CENTURY 21 REAL ESTATE LLC,
CENTURY 21 REAL ESTATE UNLIMITED
LANA KRUSE, and CHRISTY WARD                                                    DEFENDANTS


## ORDER ON MOTION TO COMPEL

Presently before the Court is Century 21 Real Estate Unlimited and Christy Ward's Motion to Compel under Rule 37 of the Federal Rules of Civil Procedure.

**I.      Background**

On August 10, 2005, Plaintiffs brought this action alleging violations of federal and state anti-discrimination laws by filing a Complaint, which states in pertinent part, "As a result of Defendants' unlawful actions described above, the Miles' have suffered, continue to suffer, and will in the future suffer, great and irreparable loss and injury, including, but not limited to, humiliation, embarrassment, emotional distress, and a deprivation of their right to equal housing opportunities regardless of race and color."[1]  The alleged actions that form the basis of the Complaint occurred during August of 2003.  Defendants Century 21 Real Estate Unlimited and Christy Ward served interrogatories and requests for production of documents requesting that

---

[1] *See* p. 10 of Complaint (Docket #1).

1

Plaintiffs

> Identify each person, hospital, or facility from which you have sought or received any medical, mental, emotional, psychiatric or psychological care or treatment of any kind prior to the events alleged in your complaint to the present and, for each such person, hospital or facility, state: (1) the date(s) you sought or received such care, (2) the type of care sought or received, and (3) the types of medications, if any, which were prescribed for you or which you requested to be prescribed for you in connection with such care.

and stating,

> Attached to these interrogatories is an Authorization for Release of Medical Information. Please complete this authorization and return it to Separate Defendants' attorneys with your responses to these discovery requests.

On March 1, 2006, Plaintiffs served responses to the requests and interrogatories, interposing objections to the Interrogatory "on the grounds described in the general objections," "to the extent the Interrogatory is not likely to lead to the discovery of admissible evidence," "on the grounds that it seeks private irrelevant information," "on the grounds that the Interrogatory is unduly burdensome and is unlimited in time," and "on the grounds that the Interrogatory is compound." Plaintiffs objected to the request for production of a medical release "on the grounds described in the general objections," "to the extent the request is not likely to lead to the discovery of admissible evidence," "to the extent that it seeks private irrelevant information," and "on the grounds that the Interrogatory is unlimited in time." On July 5, 2006, Defendants Century 21 Real Estate Unlimited and Christy Ward filed this Motion to Compel.

Plaintiffs state that the information sought by Defendants falls within two broad categories: (1) information and documents involving visits the Miles' made to counselors and/or psychotherapists, including marriage counseling the Miles' received over a three-month period in 1998, and (2) information and documents that related to visits the Miles' made to doctors for

physical conditions, including Mr. Miles' knee and elbow surgery in 2005 and fertility-related treatment the Miles' received periodically from 2001 to 2005. Plaintiffs assert that the first category of information is protected by the psychotherapist-patient privilege and the second category of information is neither relevant nor likely to lead to the discovery of admissible evidence and implicates private, sensitive information the Miles' seek to keep confidential. Additionally, Plaintiffs state that they "will not offer expert testimony to support a claim of emotional distress," "will not rely upon medical records or medical testimony to prove their claim that Defendants' discrimination caused emotional distress, "will not call a doctor nor discuss any of the psychotherapist-patient communications they had with their marriage counselor."[2] "Instead, the Miles' will simply describe, in their own words, the distress Defendants' conduct caused."[3]

## II. Discussion

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). In federal courts, evidentiary privileges, as well as pre-trial discovery matters, are governed by Fed. R. Evid. 501. *Sabree v. United Broth. of Carpenters & Joiners of America, Local No. 33*, 126 F.R.D. 422, 424 (D. Mass. 1989). If there are both state and federal claims in the same case, and a privilege would exist under one law but not the other, privilege is

---

[2] *See* Plaintiffs' Opposition to Defendants' Motion to Compel, p. 9-10.

[3] *See* Plaintiffs' Opposition to Defendants' Motion to Compel, p. 10.

usually held not to be available. *See* Wright, Miller, & Marcus, *Federal Practice and Procedure* § 2016, p. 226. Concomitantly, this Court concludes that federal law governs the privileges asserted in this case. *Sabree*, 126 F.R.D. at 424.

**A. Interrogatory 10**

"[N]o physician-patient privilege exists under the federal common law applicable to this action." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 471 (N.D. Tex. 2005) (citing *Whalen v. Roe,* 429 U.S. 589, 602, n.28 (1977) ("physician-patient privilege is unknown to the common law"); *Fox,* 179 F.R.D. at 305 (same)). "[W]hile the existence of a psychotherapist-patient privilege under the federal common law was recognized by the Supreme Court in *Jaffee v. Redmond,* 518 U.S. 1 (1996), that privilege protects only *communications* between the therapist and patient. *Merrill*, 227 F.R.D. at 471. "The names of mental health care providers, including psychiatrists, psychologists, counselors, and therapists, and dates of treatment are not subject to the privilege." *Id.*[4]. Therefore, only the relevancy of the medical and psychotherapist information requested in Interrogatory 10 need be considered.

First, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Relevant information encompasses "any matter that bears on, or that reasonably

---

[4]Citing *Jackson,* 193 F.R.D. at 219 n.4; *Fox,* 179 F.R.D. at 306-07; *Vanderbilt v. Town of Chilmark,* 174 F.R.D. 225, 230 (D. Mass. 1997)) ("[f]acts regarding the very occurrence of psychotherapy, such as the dates of treatment, are not privileged"); *Santelli v. Electro-Motive,* 188 F.R.D. 306, 310 (N.D.Ill.1999); *Kiermeier v. Woodfield Nissan, Inc.,* 1999 WL 759485, *1 (N.D. Ill. 1999); *Hucko v. City of Oak Forest,* 185 F.R.D. 526, 531 (N.D. Ill. 1999); *Vinson,* 190 F.R.D. at 627)

could lead to other matter that could bear on, any issue that is or may be in the case." *Merrill,* 227 F.R.D. at 470 (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id.* "If the discovery sought appears relevant, the opposing party bears the burden of specifically showing how each discovery request is irrelevant." *Carlton v. Union Pacific R. Co.*, 2006 WL 2220977, *3 (D. Neb. Aug 1, 2006).

If Plaintiffs' presentation of evidence of emotional distress is limited to the extent that Plaintiffs represent to the Court, Defendants' need for Plaintiff's medical records is diminished. If, on the other hand, Plaintiffs intend to introduce anything more to support their allegations of emotional distress, then their mental condition is at issue, and Defendants are entitled to explore any evidence, including Plaintiff's medical records, which may be relevant to such a claim. *See Walker v. Northwest Airlines Corp.*, 2002 WL 32539635, *3-4 (D. Minn. 2002). Considering Plaintiffs' representations that they will not offer medical records, counseling records, or expert testimony to prove their emotional distress claims, Plaintiffs have met their burden to show that the information requested in Interrogatory 10 is irrelevant under Fed. R.Civ. P. 26(b)(1) or is of such marginal relevance that the ordinary presumption in favor of disclosure is outweighed by any potential harm. Also, Plaintiffs' objection regarding the scope of the request is well taken. Defendants' request is completely unlimited in time, and would therefore require Plaintiffs to submit information encompassing their entire lives, while the events that allegedly caused the emotional distress of the Plaintiffs occurred in August of 2003. Accordingly, the Court determines Defendants' Motion to Compel a response to Interrogatory No. 10 is denied.

**B. Request for Production 10**

    **1. Medical Records**

"[N]o physician-patient privilege exists under the federal common law applicable to this action." *Merrill*, 227 F.R.D. at 471 (citing *Whalen v. Roe,* 429 U.S. 589, 602, n.28 (1977) ("physician-patient privilege is unknown to the common law"); *Fox,* 179 F.R.D. at 305 (same)). Therefore, only the relevancy of the medical records need be considered in regard to Defendants' Request for Production 10. In *Broderick v. Shad*, 117 F.R.D. 306, 309 (D.D.C. 1987), the district court denied the defendant's motion to compel a "wholesale investigation of plaintiff's medical history over the past 11 years" as "irrelevant and intrusive." The Court stated, "The focus of this action is not on plaintiff's physical or mental injuries, but rather on the alleged discrimination and harassment by the SEC." *Id.* The Court held that the plaintiff only waived her privilege regarding medical records that could fairly be considered within the scope of the complaint, which alleged that she suffered "severe psychological stress," "recurring headaches," and "insomnia" as a result of working at the WRO, and the plaintiff offered an affidavit testifying that she did not seek or receive medical treatment for psychological stress, headaches or insomnia from 1975 to present. *Id. See Simpson v. University of Colorado,* 220 F.R.D. 354, 365 (D. Colo. 2004) (finding that medical records specifically referencing or describing plaintiff's emotional or psychological condition were relevant and should be disclosed, but disallowing disclosure of other medical records and names of medical physicians relating to physical injuries or conditions unrelated to claims at issue because the Complaint does not allege physical injury).

    In this case, the Plaintiffs have not alleged any physical injury as a result of Defendants'

conduct. Plaintiffs state that the information and documents sought here are regarding Mr. Miles' knee and elbow surgery in 2005 and fertility-related treatment the Miles' received periodically from 2001 to 2005. Defendants claim that "Plaintiffs' medical records may show, for example, that plaintiffs' alleged emotional distress was caused by factors unrelated to defendants' alleged acts of discrimination." Considering Plaintiffs' representations that they will not offer medical records, counseling records, or expert testimony to prove their emotional distress claims, Plaintiffs have met their burden to show that the information requested in Interrogatory 10 is irrelevant under Fed. R.Civ. P. 26(b)(1) or is of such marginal relevance that the ordinary presumption in favor of disclosure is outweighed by any potential harm. Also, Plaintiffs' objection regarding the scope of the request is well taken. Defendants' request is completely unlimited in time, and would therefore require Plaintiffs to submit information encompassing their entire lives. The events that allegedly caused the emotional distress of the Plaintiffs occurred in August of 2003. Accordingly, the Court determines Defendants' Motion to Compel a response to Request for Production No. 10 is denied.

**2. Psychotherapist Records**

In recognizing the psychotherapist privilege, the Court in *Jaffee v. Redmond,* 518 U.S. 1, 11 (1996), noted that "[t]he psychotherapist privilege serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem. The mental health of our citizenry, no less than its physical health, is a public good of transcendent importance." The Court held that confidential communications between a licensed psychotherapist and patients in the course of diagnosis or treatment are protected from compelled disclosure under Fed. R. Evid. 501. *Id.* at 15. "The Supreme Court has recognized the

7

psychotherapist-patient privilege in federal question cases, [] but has not addressed whether the privilege is waived by a plaintiff who places his or her medical condition at issue.  Numerous courts since *Jaffee* have concluded that, similar to attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)[5]  Plaintiff has the burden of demonstrating that there has been no waiver of the privilege. *Fitzgerald v. Cassil,* 216 F.R.D. 632, 636 (N.D. Cal. 2003).

The lower federal courts which have addressed the issue of when a party waives the psychotherapist-patient privilege are split. Merrill, 227 F.R.D. at 474-75 (citing *Fitzgerald,* 216 F.R.D. at 636-38).  "These courts have generally recognized two lines of cases characterized as taking either a broad view of waiver or a narrow approach. Those courts taking a broad view of waiver of the psychotherapist-patient privilege have held that when a party makes a claim for emotional distress damages, the privilege has been waived in its entirety." *Id.* (citing *Sarko v. Penn-Del Directory Co.,* 170 F.R.D. 127 (E.D. Penn.1997).  "The rationale behind this view is based on fairness considerations." *Id.* (citing *EEOC v. Danka Industries,* 990 F.Supp. 1138, 1142 (E.D. Mo.1997)).  "Courts adopting a narrow approach to waiver, as characterized in *Vanderbilt v. Town of Chilmark,* 174 F.R.D. 225, 229 (D. Mass. 1997), conclude that the

---

[5]Citing *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa.1997); *Vann v. Lone Star Steakhouse & Saloon, Inc.*, 967 F. Supp. 346, 349-50 (C.D. Ill.1997); *EEOC v. Danka Indus., Inc.*, 990 F. Supp. 1138, 1142 (E.D. Mo.1997); *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 225 (D.N.J.2000); *but see Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 225-30 (D. Mass.1997) (declining to find waiver where plaintiff sought emotional distress damages).

privilege is waived only when the plaintiff introduces privileged communications in evidence either directly or by calling the particular psychotherapist as a witness." *Id.* (citing *Fitzgerald,* 216 F.R.D. at 638-39). "This line of cases analogizes the psychotherapist-patient privilege to the attorney-client privilege." *Id.* The *Vanderbilt* court held that "the privilege is waived if the communication between a psychotherapist and a patient is, itself, put at issue by the client." *Id.* "The plaintiff must use the privileged communication as evidence before the privileged is waived." *Id.*

A third approach analogizes the psychotherapist-patient privilege to the attorney-client privilege, and states that the psychotherapist-patient privilege is waived when the plaintiff has taken the affirmative step in the litigation to place his diagnosis or treatment in issue, by offering evidence of psychiatric treatment or medical expert testimony to establish his claim of emotional harm. *Id.*[6] (noting that "the mere assertion that the defendant's alleged misconduct caused emotional harm is insufficient to waive the privilege"). The fourth, or "middle approach," holds that a mere request for damages for ordinary, garden variety claims of mental anguish or emotional distress, as opposed to a cause of action based upon emotional distress, does not place a party's mental condition at issue, and the privilege is not waived. *Id.*[7] (noting that "Garden variety" emotional distress claims are contrasted with complex claims, such that result in a specific psychiatric disorder or prevent a person from working").

Although the Eighth Circuit has not officially adopted any one of these approaches, in

---

[6] Citing *Adams v. Ardcor,* 196 F.R.D. 339 (E.D. Wis. 2000); *Hucko v. City of Oak Forest,* 185 F.R.D. 526 (N.D. Ill. 1999).

[7] Citing *Ruhlmann v. Ulster Co. Dept. Of Social Serv's*, 194 F.R.D. 445 (N.D.N.Y. 2000); *Jackson v. Chubb Corp.,* 193 F.R.D. 216 (D.N.J. 2000).

*Schoffstall*, the Eighth Circuit cited to the cases adopting the "broad view"[8] of waiver and those adopting the "middle approach"[9] as persuasive. *Schoffstall*, 223 F.3d at 823. As discussed above, those courts taking a broad view of waiver hold that when a party makes a claim for emotional distress damages, the privilege has been waived in its entirety, while the "middle approach" holds that a mere request for damages for ordinary, garden variety claims of mental anguish or emotional distress, as opposed to a cause of action based upon emotional distress, does not place a party's mental condition at issue, and the privilege is not waived. The Eighth Circuit held that Schoffstall waived the psychotherapist-patient privilege by placing her medical condition at issue. *Id.* The Court stated that while Schoffstall's claims were "difficult to decipher and interspersed with allegations of *extreme emotional distress*, they apparently boil down to sex discrimination, retaliation, and sexual harassment." *Id.* at 822 (emphasis added). In *Jackson v. Chubb Corp.,* 193 F.R.D. 216, 226 n.8 (D.N.J. 2000), the "middle approach" case cited by the Eighth Circuit, the district court actually applied the "broad view" of waiver, but in a footnote clarified that "where a plaintiff merely alleges 'garden variety' emotional distress and neither alleges a separate tort for the distress, any specific psychiatric injury or disorder, or

---

[8]*Sarko v. Penn-Del Directory Co.,* 170 F.R.D. 127, 129 (E.D. Penn.1997) (holding the privilege was waived where Plaintiff was discharged for chronic tardiness, and her ADA claim alleged that, while she was employed by Defendant, she suffered from clinical depression requiring medication, that this medication caused her difficulty waking up in the morning, that Defendant was aware of her condition, and that, despite her request for a reasonable accommodation of this condition, Defendant unlawfully fired her); *EEOC v. Danka Industries,* 990 F.Supp. 1138, 1142 (E.D. Mo.1997) (adopting the broad view of waiver set forth in *Vann v. Lone Star Steakhouse & Saloon of Springfield, Inc.,* 967 F. Supp. 346, 349-50 (C.D. Ill. 1997) and *Sarko,* 170 F.R.D. at 130).

[9]*Jackson v. Chubb Corp.,* 193 F.R.D. 216, 226 n.8 (D.N.J. 2000).

unusually severe distress, that plaintiff has not placed his/her mental condition at issue to justify a waiver of the psychotherapist-patient privilege."

Here, Plaintiffs claims are made under the Federal Fair Housing Act, the Arkansas Fair Housing Act, 42 U.S.C. § 1981, 42 U.S.C. § 1982, and Negligent Hiring, Supervision and/or Retention.  Plaintiffs' Complaint alleges "garden variety" emotional distress under the Jackson standard in that the Miles' claim "humiliation, embarrassment, [and] emotional distress," and allege no separate tort for the distress, any specific psychiatric injury or disorder, or unusually severe distress.  According to the Plaintiffs, the information and documents sought involve visits the Miles' made to counselors and/or psychotherapists, including marriage counseling the Miles' received over a three-month period in 1998.  Although the language used by Plaintiffs does not make it absolutely clear, the Court assumes that these are the only psychiatric records that would be included under the request for production.  Considering Plaintiffs' representations that they will not offer these counseling records or expert testimony to prove their emotional distress claims, Plaintiffs have met their burden to show that they have not waived the psychiatrist-patient privilege.  Furthermore, it is difficult for the Court to see the relevance of counseling sessions that occurred over a three-month period approximately five years before the events alleged in the Complaint occurred. Accordingly, the Court determines Defendants' Motion to Compel a response to Request for Production No. 10 is denied.[10]

## CONCLUSION

---

[10] The Court notes that the Plaintiffs' proof at trial will be limited by their representations set forth herein.

FOR THE REASONS STATED ABOVE, IT IS HEREBY ORDERED THAT Defendant Century 21 Real Estate Unlimited's and Defendant Christy Ward's Motion to Compel (Docket #36) be, and is hereby, DENIED.

IT IS SO ORDERED THIS 21st day of September, 2006.

    _/s/ Garnett Thomas Eisele_____
    UNITED STATES DISTRICT JUDGE